IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV470-1-MU
3:02CR242-MU

| | |
|---|---|
| TROY MORTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court upon Petitioner's Motion of Entitlement to Redress Pursuant to Federal Rule of Civil Procedure 60(b)(6), filed October 24, 2005.

On November 4, 2002, Petitioner was one of fourteen individuals named in Count One of a nine count Bill of Indictment, charging conspiracy to possess with intent to distribute cocaine, methamphetamine, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Petitioner was also named in Count Two which charged him with possession with intent to distribute methamphetamine. On January 31, 2003, the Government filed a § 851 notice setting forth that Petitioner had a prior felony drug conviction. On March 24, 2003, a Superceding Bill of Indictment was filed which, among other things, added three individuals to Count One and set forth specific quantities as to each drug type. On May 22, 2003, the parties filed a plea agreement with the Court. On July 10, 2003, Petitioner entered a plea of guilty at his Rule 11 hearing. On November 18, 2003, at Petitioner's Sentencing Hearing, the Court sentenced Petitioner to 240 months imprisonment. Petitioner did not directly appeal his sentence or

conviction. On November 10, 2004, Petitioner filed a Motion to Vacate alleging that his guilty plea was involuntary due to his counsel's ineffectiveness which was denied on April 5, 2005. He did not appeal this Court's denial of his motion to vacate.

Petitioner has now filed a document pursuant to Federal Rule of Civil Procedure 60(b)(6) asserting that his plea hearing was flawed because the sentencing court did not "address Petitioner so as to determine that he did know in fact what the prior convictions were, did he in fact do the crimes, what in fact was his role in the offenses, nor did the Court have before it any certified charging document i.e., indictment, information, warrant, and or complaint, nor any judgment in any of the cases as alleged." Petitioner cites to the Supreme Court case of Shepard v.United States, 125 S. Ct. 1254 (2005) to support his argument.

Despite Petitioner's contentions to the contrary, a review of Petitioner's filing reveals that it is not properly brought under Rule 60(b). In United States v. Winestock, 340 F.3d 200 (4th Cir.), cert. denied, 124 S. Ct. 496 (2003), the United States Court of Appeals for the Fourth Circuit held that "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Id. at 206. The Fourth Circuit went on to state that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application. Id. at 207. In contrast, a motion to reconsider which seeks to remedy some defect in the collateral review process is generally a proper motion to reconsider. Here Petitioner is arguing that this Court incorrectly applied the law and that the Court should have found that his sentence was incorrect. Such an argument is not based upon a defect in the collateral review process and

2

thus Petitioner's motion is most properly construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1]

However, under the Antiterrorism and Effective Death Penalty Act (AEDPA), "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. § 2255 (1997). Therefore, because this is Petitioner's second motion to vacate, set aside, or correct sentence, he must first certify his claim with the United States Court of Appeals for the Fourth Circuit.

In anticipation of this Court construing his filing as a successive motion to vacate, set aside, or correct sentence, Petitioner argues that a § 2255 motion is inadequate or ineffective to test the legality of his detention under a Shepard claim because he could not satisfy the requirements for bringing a successive motion to vacate. The law is clear, however, that the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been or is unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)(en banc); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

Petitioner attempts to evade this conclusion by analogizing his claim to claims brought pursuant to Bailey v. United States, 516 U.S. 137 (1995) which this circuit has allowed, in some circumstances, to be brought pursuant to the savings clause in § 2241. See In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). In In re Jones, the Fourth Circuit held that in order to establish that

---

[1] This Court finds that the Court of Appeals for the Fourth Circuit's decision in United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), is distinguishable because, unlike in the Emmanuel case, this would not be Petitioner's first § 2255 motion. Id. at 650 (no notice required where recharacterization has no adverse impact on movant).

§ 2255 is inadequate and ineffective, a petitioner must establish, among other things, that "the subsequent law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal . . . ." Petitioner's Shepard claim, unlike a Bailey claim, does not attack the criminality of his conduct but rather the length of his sentence. Consequently, Petitioner's claim may not be brought pursuant to 28 U.S.C. § 2241.

In conclusion, this Court holds that Petitioner's Rule 60(b) motion is more properly construed as a motion to vacate, set aside, or correct sentence and as such it is successive. This Court also holds that Petitioner's claim does not satisfy the requirements for a "savings clause" claim under § 2241.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. The Clerk is directed to treat this motion as motion to vacate, set aside, or correct sentence and file a copy of this Order within the civil case number assigned; and

2. Petitioner's Motion of Entitlement to Redress Pursuant to Federal Rules of Civil Procedure 60(b)(6), which this Court has construed as a Motion to Vacate, Set Aside, or Correct Sentence, is **DISMISSED** without prejudice as successive.

**Signed: November 15, 2005**

Graham C. Mullen
Chief United States District Judge