**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV280-MU-02
(3:02CR242-MU)**

| | |
|---|---|
| **TROY LAMAR MORTON,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on what appears to be the petitioner's third collateral challenge to his 2003 criminal case, this one captioned as a "Petitioner's Motion Requesting Certificate Of Appea[l]ability Review Pursuant To Local Rule 22(a)"[sic], filed March 7, 2006 (document # 1) and amended by pleadings filed March 8 and March 9, 2006 (documents ## 2-3). Not surprisingly, however, for the reasons stated herein the instant Motion, which has been construed as a motion to vacate under 28 U.S.C. §2255, shall be <u>dismissed</u> due to the Court's lack of authority to entertain such motion.

According to pertinent Court records, on July 10, 2003, pursuant to the terms of his written Plea Agreement with the government, the petitioner pled guilty to one count of conspiracy to possess with intent to distribute quantities of cocaine, methamphetamine and marijuana. Next, on November 18, 2003, this Court sentenced the petitioner to a term of 240 months imprisonment. The Court's Judgment of Conviction was filed January 6,

2004.

The petitioner did not directly appeal either his conviction or sentence.  Therefore, those matters became final on or about January 20, 2004--that is, at the expiration of the brief period during which the petitioner could have given his notice of appeal in this case had he chosen to do so.

Rather than filing an appeal, on November 10, 2004, the petitioner filed his first Motion to Vacate under 28 U.S.C. §2255, alleging a claim of ineffective assistance of counsel.  However, such Motion to Vacate was denied by this Court's Order of April 5, 2005.  Once again, the petitioner did not appeal that decision.

Instead, on October 24, 2005, the petitioner filed a document captioned as "Petitioner's Entitlement to Redress Pursuant To Federal Rule Of Civil Procedure 60(b)(6)."  Despite its misleading caption, by that document the petitioner again was seeking collateral review of his criminal case inasmuch as he argued that his plea hearing was flawed due to the Court's alleged failure to make certain determinations about his prior convictions.  Consequently, this Court determined, consistent with United States v. Winestock, 340 F.3d 200 (4th Cir.), cert. denied, 540 U.S. 995 (2003), that the petitioner's pleading had to be addressed as a successive motion to vacate, and it also had to be summarily dismissed due to his failure to obtain pre-filing

authorization for it as required by 28 U.S.C. §2244. Thus, the Court dismissed that motion on November 15, 2005.

Following that dismissal, however, the petitioner broke with his tradition and filed an appeal with the Fourth Circuit Court of Appeals. Nevertheless, on February 23, 2006, the Court of Appeals dismissed the petitioner's appeal on the ground that he had failed to make a substantial showing that any of his constitutional rights had been denied.

Most critically, the Court of Appeals also construed the petitioner's notice of appeal as an "informal brief on appeal as an application to file a second or successive motion to vacate under 28 U.S.C. §2255." However, the appellate Court also denied that motion on the ground that the petitioner had failed to meet any of the requirements for a successive motion as identified in 28 U.S.C. §2244(b)(2).

Apparently undaunted by his lack of success, the petitioner now has filed the instant Motion (and amendments), claiming that he is seeking a certificate of appealability. However, the petitioner has failed to identify--and this Court has been unable to find--any Orders which currently are subject to appeal. Therefore, such Motion appears to be yet another thinly-veiled attempt by the petitioner to collaterally challenge his underlying conviction and/or sentence.

To be sure, in the instant Motion, the petitioner argues,

3

inter alia, that he "is actually and factually innocent of being a Career Offender"; that he is "actually and factually innocent of possession of a firearm during and in relation to drug trafficking . . . "; and that this Court "lacked subject matter jurisdiction to impose a sentence in that the United States Sentencing Guidelines were unconstitutional at the time of the sentence . . . ." Therefore, based upon those claims, the Court finds that it must construe this document as a de facto motion to vacate.[1]

However, as the petitioner by now is aware, the law is clear under 28 U.S.C. §2244(3)(A) that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application." Accordingly, because the record conclusively shows that the petitioner has not obtained authorization from the Fourth Circuit Court of Appeals to bring this action, this successive motion to vacate must be dismissed as unauthorized.

Out of an abundance of caution, however, the Court further finds that if the instant Motion, in fact, was intended to be

---

[1] As was explained in the Court's November 2005 Order addressing the petitioner's second motion to vacate, it is not necessary for the Court to provide the petitioner with any notice as contemplated under United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002) because, unlike in Emmanuel, this is not the petitioner's first §2255. Therefore, the petitioner will not suffer any adverse consequences merely as a result of the Court's conversion of this pleading to a motion to vacate. Id. at 650 (no notice required where recharacterization has no adverse impact on movant).

4

nothing more than an attempt to obtain a certificate of appeal-
ability so that the petitioner could pursue a direct appeal of
his 2003 conviction and/or sentence, such Motion must be denied
in any event.  That is, as the record reflects, this Court's
Judgment of Conviction was entered in January 2004.  Clearly,
therefore, the petitioner's time for a direct appeal already has
expired.  Moreover, it has not escaped this Court's attention
that no certificate of appealability even is required before a
defendant can directly appeal matters in his criminal case.
Thus, that is yet another reason why such a Motion should be
denied.

Finally, to the extent that the instant Motion is an attempt
by the petitioner to obtain a certificate of appealability so
that he can appeal this Court's Order of April 2005--by which it
denied his first Motion to Vacate--such Motion still should be
denied.  Indeed, the 60-day period during which the petitioner
could have sought appellate review of that Order has long ago
expired.  Furthermore, the petitioner has waited to file this
Motion outside of all conceivable periods during which either an
extension of time could have been granted or the time to file an
appeal could have been reopened. See Fed.R.App.P. 4.

In sum, then, it does not matter whether the petitioner is
making his third attempt at obtaining collateral review of his
2003 conviction and/or sentence, or whether he is belatedly

seeking to obtain direct review of this Court's 2005 Order of dismissal, he is not entitled to proceed. Therefore, any and all such attempts will be rejected.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. To the extent that this Motion and its amendments (documents ## 1-3) were intended as a motion to vacate, such motion is **DISMISSED** for the petitioner's failure to obtain authorization under 28 U.S.C. §2244.

2. To the extent that this Motion and its amendments were intended as a request for a certificate of appealability in connection with either this Court's Judgment of Conviction in the petitioner's criminal case (3:02CR242, document # 185) or its civil Judgment, dismissing his first Motion to Vacate (3:04CV566-1, document # 9), such Motion is **DENIED**.

**SO ORDERED.**

Signed: March 20, 2006

Graham C. Mullen
United States District Judge