IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13CV419-FDW
(3:02CR-242-FDW-5)

| | |
|---|---|
| TROY LAMAR MORTON, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255, (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

**I.  BACKGROUND**

On November 4, 2002, Petitioner was one of fourteen individuals named in Count One of a nine-count Bill of Indictment, charging conspiracy to possess with intent to distribute cocaine, methamphetamine, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Petitioner was also named in Count Two, which charged him with possession with intent to distribute methamphetamine. On January 31, 2003, the Government filed a § 851 notice, noticing Petitioner's prior felony drug conviction. Petitioner subsequently pled guilty pursuant to a written plea agreement. On November 18, 2003, the Court sentenced Petitioner to 240 months imprisonment. Petitioner did not appeal.

On November 10, 2004, Petitioner filed a § 2255 motion to vacate, which this Court

1

denied and dismissed on April 26, 2005.  (3:04-cv-566, Doc. Nos. 1; 9).  On November 14, 2005,[1] Petitioner filed a second § 2255 motion to vacate, which this Court denied and dismissed as a successive petition on November 15, 2005.  (3:05-cv-470, Doc. Nos. 1; 2).  On July 22, 2013, Petitioner filed the pending § 2255 motion to vacate.

## II. DISCUSSION

Petitioner filed the instant Motion to Vacate on July 22, 2013, seeking to have the Court vacate his conviction and sentence.  As noted, Petitioner has filed two previous motions to vacate the same conviction and sentence.  Thus, this is the third Section § 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 3:02-cr-242.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Thus, Petitioner must first obtain an order from the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255.  Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive petition.  See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals").  Accordingly, this unauthorized, successive petition must be dismissed.  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").  Accord Everette v. United States, 5:04-cv-358, 2012 WL 4486107 (E.D.N.C. Sept. 28, 2012)

---

[1] The petition was stamp-filed on November 14, 2005, but it appears that Petitioner placed the petition in the prison mail system on October 24, 2005.

(dismissing a § 2255 motion as a successive petition where the petitioner raised a claim under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)).

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's § 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: July 26, 2013

Frank D. Whitney
Chief United States District Judge